JOHN E. STRINGER sbn 194556 (415)999-4278) FAX-(415)366-2803
259 OAK STREET
SAN FRANCISCO, CA 94102
Mailing: 1820 Legends PKWY, Suite 103, Coeur D Alene, ID 83815-8258
Attorney for Atik Pathan

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ATIK PATHAN,<br>Petitioner | ) ) ) | COMPLAINT FOR DAMAGES;<br>REQUEST FOR ORDER |
| v. | ) ) | |
| GAVIN NEWSOM,<br>Governor, | ) ) ) | CASE NO._____ |
| JENNIFER SHAFFER, CEO,<br>CA Board of Parole Hearings,<br>Respondents | ) ) ) ) | ) |

## INTRODUCTION

1.  Petitioner, Atik Pathan, hereinafter referred to as Petitioner, is an inmate at Solano State Prison located in Vacaville, CA. The State of California, Board of Parole Hearings, conducted two suitability hearing for Petitioner on 9-28-17 and 9-10-19 finding Petitioner unsuitable for parole and denying him for two three-year periods on the grounds that Petitioner remained an "unreasonable danger" to society.

2.  Petitioner now challenges the Board's decisions as being arbitrary and capricious and not conforming to case law as set for in the Lawrence decision and the Powell decisions and subsequent case law and denying him due process protection under the Fourteenth Amendment to the United States Constitution.

259 Oak Street
San Francisco, CA 94102
(415)934-1827

259 Oak Street
San Francisco, CA 94102
(415)934-1827

3. Petitioner sues on the grounds that he cannot receive a fair decision from any BPH panel due to the nature of the life crime and is thus denied his right to a fair hearing requiring <u>some evidence</u> to justify a denial of parole on the factors stated in California Code of Regulations Title 15 Section 2281 inclusive. Petitioner also challenges The Board's use of Section 2235 Confidential Material as a basis for denial as said use violates due process of law in that Petitioner and Petitioner's attorney were not allowed access to said confidential material thus damaging Petitioner to amount to be determined at trial.

## STATEMENT OF THE CASE

4. Petitioner was received into the California Department of Corrections on 2-3-01 for the controlling offense of aggravated sexual assault on a child under 14, CA Penal Code Sec. 269, in the County of Santa Clara. Petitioner was sentenced to a total term of 15 years to life.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5. The Board's decisions to not grant Petitioner parole have caused great emotional to Petitioner in that Petitioner suffers from an inability to sleep, feelings of being worthless, inability to concentrate and other physical and mental afflictions to be presented at trial. Because of Defendants' arbitrary decision Petitioner has continually been in fear of his life due to the nature of the life crime

2

259 Oak Street
San Francisco, CA 94102
(415)934-1827

## ABUSE OF PROCESS

6.   The willful act of continual denial constitutes abuse of process in that the Board refused to grant Petitioner parole knowing that he had met the legal standard for parole to accomplish the unlawful process of retaining Petitioner in the prison system.  The parole process was designed to release inmates who qualified for parole and not to retain the inmates by denying them due process of law. Cause of action incorporated by reference

## CONSTRUCTIVE FRAUD

7.   By continually denying Petitioner parole, Respondents have breached an equitable duty, trust, or confidence that has resulted in damage to Petitioner by the continual denial of parole contrary to established case law and Petitioner's exemplary record in prison.  Cause of action incorporated by reference.

## FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

8.   All previous Causes of Action are hereby incorporated by reference. The Fourteenth Amendment to the United States Constitution requires equal protection of the laws to all citizens, and Respondents, and each of them, has denied Fourteenth Amendment to Petitioner by continuing to deprive Petitioner of liberty without due process of law by continuing to deny Petitioner parole based on the commitment

3

Writ-Pathan

offense which California Courts have ruled is a static factor and cannot

be used as the sole reason for a parole denial as is the case at bar.

## DAMAGES AND PRAYER FOR RELIEF

9.    Petitioner prays that this Court award him damages from the time

of his first denial of parole to the present including all costs and

attorney fees and other such remedies as the Court may deem just

and fair.

Date:  1/21/2023                    Respectfully Submitted,

_____

John E. Stringer Attorney for Petitioner

Writ-Pathan

259 Oak Street
San Francisco, CA 94102
(415)934-1827